## Hardin v. Pugh.

(Decided September 25, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

Attorney and Client—Attorney Held Entitled to Collect Bail Money as His Own.—Where a wife of one in jail deposited $25.00 bail, and agreed that her husband's attorney should receive the amount re-

maining out of the bail money after payment of fine, and the husband was fined $10.00, and such fine was suspended and the attorney collected all the bail money, he was entitled at least to retain the $15.00 remaining, and the wife was not entitled to the other $10.00, as the judge had no authority to suspend payment of the fine for more than 24 hours, under Ky. Stats., section 2918, the wrongful payment thereof to the attorney by the clerk not reinvesting the title thereto in the wife.

CHARLES P. JOHNSON for appellant.

WM. S. KAMMERER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing

A rule was issued by the Jefferson circuit court against appellant, an attorney at law, to show cause why he should not pay to appellee, his client, upon whose affidavit the rule was issued, twenty-five dollars, and also to show why he should not be suspended from the practice of law for twelve months and until that sum be paid.

He filed a response to the rule, but upon hearing he was ordered to pay to appellee the sum of $25.00, and in addition was suspended from the practice of law in the Jefferson circuit court for a period of twelve months and until the $25.00 be paid. This appeal is prosecuted from that order.

The facts are that on Saturday night Nolen Pugh, husband of appellee, was arrested in Louisville on the charge of drunkenness and disorderly conduct and lodged in jail. The next morning (Sunday) he stated to one or more of the guards at the jail that he wanted to get out and wanted a lawyer and somebody to go on his bond. One of the guards recommended that he employ appellant, and to that he assented. At Pugh's instance one or more of the guards that morning went to the home of his wife, the appellee, he having informed them that she had or could get the money. The bail appears to have been $25.00, and the appellee procured $27.00 and went with the guards to the bond recorder's office, where she deposited that sum and procured her husband's release, it being understood at the time that $2.00 was for the bond recorder's fee and the other $25.00 so deposited for bail should be after the trial used in paying the fine they expected to be assessed against Nolen Pugh and the attorney's fee. On the way to the bond recorder's office the guards explained to appellee the employment of appel-

lant and she assented to the employment and to the application of the $25.00 so put up by her for bail.  At the time she deposited the money she signed a paper directing the $25.00 to be paid to appellant, it being understood between all parties there that so much of the $25.00 as was necessary should be applied to the payment of the fine against Nolen Pugh which they expected would be assessed, and the balance applied to appellant's fee.

He appeared in court on Monday morning and represented Nolen Pugh, and in his presence procured the prosecuting attorney to agree to a $10.00 fine against Pugh and thereafter procured the entry of an order suspending that fine.

After the entry of these orders appellant, under the written direction of appellee given to the bond recorder, collected the $25.00 from the latter, and thereafter appellee demanded of appellant the repayment to her of the $25.00; appellant having failed or refused to pay the sum to her she filed her affidavit before a circuit judge and instituted this proceeding with the result stated.

Section 104 of the Ky. Stats. provides:

"If any attorney-at-law shall collect the money of his client, and, on demand, wrongfully neglect or refuse to pay over the same, the circuit court of the county in which the money may be collected, shall, after notifying the attorney to show cause against the same, suspend him from practice in any court for twelve months, and until the money shall be paid."

It appears to be perfectly clear that the attorney was in no sense derelict in failing to pay over to appellee that part of the money which it was contemplated by the parties would not be consumed in the payment of the fine; the fine assessed was only $10.00, and under the express terms of the agreement the remaining $15.00 was to be appellant's fee.   To that extent the money collected by him was his own, and we entertain no doubt the trial court erred in requiring him to pay that amount to appellee.

As to the remaining $10.00 it seems to be assumed by all parties that either appellant or appellee is entitled to it; but an examination of the charter for cities of the first class, to which the city of Louisville belongs, convinces us that the order of suspension entered by the police court in that case was unauthorized and void in so far as it undertook to suspend, if it did, the execution of the judgment in question for a longer period than 24 hours.

Section 2918 of the Ky. Stats. is a part of the charter for cities of the first class.   That section prescribes certain duties of the judge and the clerk of that court with reference to the judge's docket; it further provides the procedure therein in the modification, setting aside or annulling of judgments, and finally it deals in a short and precise way with the question of suspension of judgments in the following language, to-wit: ''The judge may, at any time and at any place, suspend for 24 hours, but no longer, the enforcement and execution of any order or judgment.''

It is manifest no order of suspension entered by the judge of that court could have been operative for a longer period than 24 hours, and it seems to follow necessarily that the judgment assessed against Nolen Pugh was from the expiration of that time in full force and effect.

Therefore, it seems plain the bond recorder should have retained the $10.00 to satisfy the judgment against Nolen Pugh in the police court, and his wrongful payment of the sum to appellant in no wise reinvested the title thereto in appellee so that she might demand its repayment to her.   Under the express agreement entered into by the parties at the time such part of that money as was necessary was to be applied to the payment of that fine, and we have seen that under the law that judgment is yet in full force and effect, and she therefore has no claim whatever to that $10.00.

If the judgment had within the time and in the manner prescribed by law been set aside or annulled, then there might be some basis for her claim.

It appearing therefore that appellant as her attorney has collected no money to which she is entitled he should have been discharged.

The former opinion is withdrawn, and the judgment is reversed with directions to discharge the rule.